UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-23542-CIV-MORENO

WILLIE R. GRIFFIN,

    Plaintiff,

vs.

HOLLYWOOD POLICE DEPARTMENT,
NORTH HOLLYWOOD POLICE
DEPARTMENT, COMPTON POLICE
DEPARTMENT, CUSTOM PART SHOP, and
THE MICROPHONE MEN,

    Defendants.
_____/

## **ORDER DISMISSING CASE AND DENYING ALL PENDING MOTIONS AS MOOT**

THIS CAUSE came before the Court upon a *sua sponte* examination of the record. For the reasons set forth below, this case is DISMISSED. Additionally, all pending motions are DENIED AS MOOT.

In his *in forma pauperis* Complaint, the Plaintiff asks the Court "to stop the microphone men from following [me] to different city and state telling people what I am doing and thinking and involving my personal affairs and business." He seeks to recover "1 thousand trillion dollars." Plaintiff further states in his Application to Proceed in District Court Without Prepaying Fees or Costs that, "I am a attorney that work through the Supreme Court and Federal Courts."

Under 28 U.S.C. § 1915(e)(2)(B)(i), a court "shall dismiss the [*in forma pauperis* action] at any time if the court determines that . . . the action . . . is frivolous or malicious." According to the United States Supreme Court, a complaint is frivolous "where it lacks an arguable basis in

law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing dismissals under former section 1915(d), which contained the same language as current section 1915(e)(2)(B)(i)). A court may dismiss claims under section 1915(e)(2)(B)(i) where the claims rest on an indisputably meritless legal theory or are comprised of factual contentions that are clearly baseless. *Id.* at 327.

In *Neitzke*, the Supreme Court provided several examples of frivolous or malicious claims. Where the defendant is clearly immune from suit, or where the plaintiff alleges infringement of a legal interest which obviously does not exist, then the claim is founded on an indisputably meritless legal theory. *Id.* at 327. Claims detailing fantastic or delusional scenarios fit into the factually baseless category. *Id.* at 327-28. Finally, this Court also notes that a *pro se* plaintiff must be given greater leeway in pleading his complaint. *Haines v. Kerner*, 404 U.S. 519 (1972).

Mindful of these principles, the Court proceeds to evaluate Plaintiff's *in forma pauperis* complaint. The Complaint is comprised solely of fantastic and delusional assertions that are factually baseless and, thus, do not state a federal cause of action. Plaintiff's Complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) because it does not contain "an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 327. After reviewing the entire Complaint, the Court concludes that the claims are indisputably meritless. Accordingly, it is

**ADJUDGED** that this case is DISMISSED, and all pending motions are DENIED AS MOOT. This case is CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ of August 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

2

Copies furnished to:

Counsel of Record

Willie R. Griffin
1055 Vigne Street
Los Angeles, CA 90012
PRO SE